UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:21-cv-20515-GAYLES

**KIAM KNOWLES**,

    Petitioner,

v.

**WARDEN E.K. CARLTON**,

    Respondent.

_____/

## ORDER OF DISMISAL

**THIS CAUSE** is before court upon *sua sponte* review of the record. Petitioner has filed this *pro se* Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 [ECF No. 1]. Petitioner complains of the conditions at the Miami Federal Detention Center ("Miami FDC") and is "asking for the courts to grant [him] additional time for the time served on the lockdown of 10 months or grant time served for [time at Miami FDC] in the custody of the BOP and to amend [his] sentence to home confinement for the remaining time left on [his] sentence pursuant to [18 U.S.C. § 3582(c)(1)(A)(i)]." [*Id*. at 8.]. For the reasons discussed below, the Petition is DISMISSED as MOOT.

## BACKGROUND

The Petition is based entirely on allegations regarding conditions at Miami FDC. Petitioner alleges that the conditions are "highly stressful and traumatizing." [*Id*. at 6.]. According to Petitioner, he has been on a 22-hour lockdown since March 23, 2020. [*Id*. at 7.]. He claims that one inmate has committed suicide and another attempted suicide. [*Id*.]. Petitioner also alleges that Miami FDC "does not abide by CDC protocol" and has created "a very dangerous environment."

[*Id*.]. He contends that Miami FDC has had multiple outbreaks of COVID-19 and that he has never been tested for COVID-19. [*Id*.]. Petitioner complains that as a "minimum custody camp status inmate" he is serving time in the equivalent of a maximum-security prison. [*Id*.]. Finally, Petitioner alleges he has been denied all access to education and rehabilitation programs and has been subjected to psychological stress and trauma during the COVID-19 lockdown. [*Id*. at 8.]. According to Petitioner, the one to two hours he is out of his cell each day is inadequate to "shower, clean room, sanatize [sic] and contact family." [*Id*.].

## DISCUSSION

**I.      Relief Pursuant to 28 U.S.C. § 2241**

Although filed as a habeas petition pursuant to § 2241, Petitioner's claims regarding the conditions of his confinement must be pursued in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979)[1] (holding that habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035–36 (10th Cir. 2012) (holding that inmate's claim seeking transfer from one BOP detention facility to another is properly construed as a challenge to the conditions of his confinement and must be brought pursuant to *Bivens*); *Glaus v. Anderson*, 408 F.3d 382, 386–88 (7th Cir. 2005) (holding that a prisoner's request to be transferred to a prison facility that could give him proper medical treatment for Hepatitis C was inappropriate under a habeas petition because it was a conditions-of-confinement claim). Petitioner's claims are not cognizable under § 2241.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

**II.     Relief Pursuant to *Bivens***

Even if the Petition were construed as a civil rights complaint, it would be subject to dismissal as moot. The allegations and the relief sought in the Petition solely concern the conditions of confinement at Miami FDC. The Court has accessed the Bureau of Prisons Online Inmate Locator[2] and found that Petitioner is no longer being held in custody at Miami FDC. Petitioner is now in custody at the Pensacola Federal Prison Camp ("Pensacola FPC"). Because Petitioner is no longer confined at Miami FDC, his instant claims are moot. *See Cotteral v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) ("Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.").

**III.    Relief Pursuant to 18 U.S.C.A. § 3582(c)(1)(A)(i)**

To the extent Petitioner is seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), that relief must be pursued in his criminal case before the sentencing court. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court.") (citations omitted); *Arnold v. Warden, FCC Coleman Low*, No. 5:20-CIV-199-Oc-02PRL, 2020 WL 2425731, at *1 (M.D. Fla. May 12, 2020) (dismissing § 2241 petition seeking compassionate release because such a request must be brought in the sentencing court).

---

[2] https://www.bop.gov/inmateloc/index.jsp.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, [ECF No. 1], is **DISMISSED without prejudice** as moot.

2. The Clerk is directed to **CLOSE** this case and mail a copy of this order to Petitioner.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of July, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:

Kiam Knowles
26085-104
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
PRO SE

Kiam Knowles[3]
26085-104
FPC Pensacola
Federal Prison Camp
P.O. BOX 3949
Pensacola, FL   32516

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

---

[3] Petitioner has not filed an updated mailing address; however, the Court is sending this Order to his address of record as well as Pensacola FPC.